UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOYD CRABTREE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1118 |
| | § | |
| DOMINGO IBARRA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Pending before the Court is the defendants', Domingo Ibarra, Jimmy W. Thornton and City of Magnolia, Texas ("the movants"), motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 14).[1] The movants filed a memorandum in support of their motion (Docket Entry No. 15). The plaintiff, Boyd Crabtree, filed a response in opposition to the movants' motion with an alternative motion to amend his pleadings (Docket Entry No. 17). The movants filed a reply to the plaintiff's response (Docket Entry No. 19). After having carefully considered the pleadings, the motions, the responses and the applicable law, the Court determines that the movants' motion to dismiss will be granted if the plaintiff does not sufficiently amend his complaint pursuant to Rules 8 and 11 of the Federal Rules of Civil Procedure within thirty (30) days of the entry of this Memorandum Opinion and Order. In the absence of amendment by the plaintiff within thirty days, the movants' motion to dismiss shall be granted.

---

[1] Ryan C. Kelley is also a defendant in this case. However, he has not been served, so he is not a movant.

## II. Factual Background

This case presents a dispute concerning alleged violations of the plaintiff's constitutional and civil rights, as well as pendent state law causes of action. The plaintiff was employed as a police officer with the City of Magnolia from December 16, 2002 through January 8, 2010. He is suing Ibarra (the Chief of Police), Kelley (the City Administrator) and Thornton (the Mayor of Magnolia)[2] in their individual capacities and their official capacities as his supervisors. He is also suing the City of Magnolia, Texas (acting through its City Council) as a public agency and his employer. At the time of his termination, the plaintiff was a lieutenant, a non-exempt position for purposes of the Fair Labor Standards Act ("FLSA").

## III. Contentions of the Parties[3]

### A. The Movants' Contentions

The movants assert that the Court should dismiss the plaintiff's claim in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). First, the movants argue that the plaintiff has neither stated a plausible claim nor met the heightened pleading standard necessary to overcome government officials' qualified immunity with respect to the plaintiff's federal claims. Second, the movants argue that the plaintiff has not stated a claim under the First Amendment to the U.S. Constitution, the Fair Labor Standards Act ("FLSA") or the Texas Whistleblower Act ("TWA").[4] With respect to the TWA, the movants argue that the plaintiff has failed to state a claim against the individual movants and that the City of Magnolia has not waived its immunity to federal suit. Fourth, the movants argue that the plaintiff can bring no 42 U.S.C. § 1983 claim

---

[2] The parties do not dispute that Mayor Thornton acted as the Interim Chief of Police from June 13, 2006 until March of 2008.

[3] Although the Court sets forth the contentions of the parties in this section, the Court will only address the plausibility of the plaintiff's pleadings during the Analysis and Discussion portion of this Memorandum Opinion and Order.

[4] U.S. CONST. amend. I, 29 U.S.C. § 201 *et seq.*, TEXAS GOV'T CODE § 554.001 *et seq.,* respectively.

or TWA claim after two years, and that he must have filed suit on the TWA claim within ninety days of any alleged violation. The movants request that the Court dismiss all claims and allegations against them with prejudice and tax costs against the plaintiff.

### B. The Plaintiff's Contentions

#### 1. The Plaintiff's Complaint

The plaintiff claims that the defendants retaliated against him for participating in 2004 and 2007 investigations that resulted in the termination of various police officers, including Chief of Police Paul Rex, Chief of Police Ron Cunningham and Captain Mike Smith. He maintains that he reported his supervisors' criminal misconduct in good faith, based on objectively reasonable beliefs and as part of his sworn obligation as a Texas peace officer. He claims that he invoked the City of Magnolia and Magnolia Police Department's grievance and appeal processes, pursuant to their written policies and procedures on several occasions, including March 5, 2010.

The plaintiff alleges that the defendants retaliated against him by refusing to take action concerning his grievances. He also alleges that they ratified adverse employment actions against him that cost him more than $75,000 and have prevented him from finding paid employment as a police officer. These alleged escalating adverse employment actions included: (1) threats of termination; (2) change in job duties; (3) loss of supervisory authority; (4) removal from the day shift; (5) denial of compensation, benefits and promotion; (6) being required to work overtime without receiving overtime pay from June 13, 2006[5] until he was terminated; and (7) termination on January 8, 2010.

---

[5] This was the date on which Mayor Thornton became the Interim Chief of Police.

### 2. The Plaintiff's Opposition to the Movants' 12(b)(6) Motion

The plaintiff argues that the Court should deny the movants' 12(b)(6) motion. First, he argues that the movants are not entitled to qualified immunity because no reasonable person would assume that he could retaliate against an employee for investigating and disclosing public officials' misconduct. He also claims that that no heightened pleading standard or qualified immunity applies to his FLSA or TWA claims.[6] Second, under the First Amendment of the U.S. Constitution, the plaintiff argues that his communications were protected speech involving a matter of public concern. Third, the plaintiff argues that the defendants willfully violated the FLSA by refusing to pay him earned overtime despite his repeated requests. Fourth, under the TWA, the plaintiff argues that the defendants' retaliatory actions violated the Texas Government Code. *See*, TEX. GOV'T CODE § 554.001 *et seq.*

In recompense, the plaintiff is seeking: (1) reinstatement to his former position and duties, including supervisory powers and authority; (2) reinstatement of any fringe benefits or seniority rights lost due to the defendants' misconduct; (3) compensation for lost wages and any financial expenses suffered; (4) payment for all overtime worked for three years prior to filing suit, plus an equal amount as liquidated damages; (5) actual and exemplary damages, court costs and reasonable attorneys' fees under the TWA; (6) pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 2201; and (7) a preliminary/temporary injunction restraining the defendants and the Magnolia City Council from continuing with any retaliatory actions.

## IV. Standard of Review

A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the

---

[6] The plaintiff does not address his First Amendment claim when arguing this point.

plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'-- 'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the

plaintiff will eventually prevail. *See*, *Twombly* at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)); *see also, Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V. Analysis and Discussion

### A. The Plaintiff's First Amended Complaint

The Court determines that the movants' motion to dismiss should be granted if the plaintiff does not sufficiently amend his complaint within thirty (30) days of the entry of this Memorandum Opinion and Order. The plaintiff has failed to state claims against Ibarra or Thornton in either their individual or official capacities. The plaintiff's vague complaint sets forth only speculative and conclusory allegations against the defendants without providing sufficient details to determine whether the plaintiff has asserted any plausible claims. *See, Ashcroft* at 1949; *Twombly* at 555. The plaintiff's first amended complaint provides insufficient details from which to impute plausible culpability to any movant's action or inaction in either their individual or official capacities. The plaintiff claims that the defendants "ratified adverse employment actions" against him, but he does not say how. *See* [Docket Entry No. 3, p. 4, ¶ 18]. The plaintiff claims that the defendants "refused to take any action regarding plaintiff's grievance," but he fails to adequately plead a retaliatory intent. *See id.* When the plaintiff's claims are insufficiently detailed to determine their plausibility, the Court will not speculate.

Because the Court determines that the plaintiff has failed to state a claim with respect to either of the individual movants, the Court also determines that the plaintiff has failed to state a claim against the City of Magnolia, as acting either through the other named defendants or through unnamed city council members. The plaintiff provides virtually no information about the actions allegedly perpetrated by the City of Magnolia, acting through the City Council; nor

does the complaint reference any city council members by name. Thus, the Court is left to assume that the plaintiff's argument for the City's liability is based on its accountability for the other defendants' actions. Because the Court does not find sufficient detail to impute plausible liability to the individual movants, the Court cannot impute plausible liability to the City. Therefore, the plaintiff's first amended complaint does not survive 12(b)(6) scrutiny. *See*, FED. RULE CIV. P. 12(b)(6).

### B. Leave to Amend

In his response in opposition to the movants' motion to dismiss, the plaintiff moved in the alternative for leave to amend his complaint. Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15 (a)(2). The decision of whether to grant leave to amend "is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). "In deciding whether to grant leave to amend, the district court may consider a variety of factors . . . including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility." *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Here, the Court finds that permitting the plaintiff the ability to amend is acceptable because it would not unduly contravene the above-listed factors. *See, Schiller*, 342 F.3d at 566. Thus, the plaintiff's request for leave to amend his complaint to more fully detail his factual and legal allegations against the defendants is granted.

## VI.     Conclusion

Based on the foregoing discussion, the Court determines that the movants' motion to dismiss will be granted if the plaintiff does not amend his complaint pursuant to Rules 8 and 11 of the Federal Rules of Civil Procedure within thirty (30) days of the entry of this Memorandum Opinion and Order setting forth sufficient details to impute plausible liability.  In the absence of amendment by the plaintiff within thirty days, the movants' motion to dismiss shall be granted.

It is so **ORDERED**.

SIGNED at Houston, Texas this 4th day of October, 2010.

_____
Kenneth M. Hoyt
United States District Judge