UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOYD CRABTREE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1118 |
| | § | |
| DOMINGO IBARRA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.      Introduction**

Pending before the Court is the defendants', Domingo Ibarra, Jimmy Thornton, Ryan Kelley and City of Magnolia, Texas, motion to dismiss (Docket Entry 23), for which they also filed a memorandum in support (Docket Entry No. 24). The plaintiff, Boyd Crabtree, filed a motion for clarification with an alternative motion for extension (Docket Entry No. 25),[1] as well as a response in opposition to the second motion to dismiss (Docket Entry No. 27). After having carefully reviewed the defendants' motion, the plaintiff's response, the record and the applicable law, the Court grants the defendants' motion in its entirety.

**II.     Factual Background**

The plaintiff claims that the defendants retaliated against him for participating in whistle blowing investigations that ultimately resulted in the grand jury indictments of former Police Chief Ron Cunningham and former Captain Mike Smith on March 4, 2008. He asserts violations of his constitutional and civil rights, as well as pendent state law causes of action. The plaintiff was employed as a police officer with the City of Magnolia from December 16, 2002 through January 8, 2010. He is suing Ibarra (the Chief of Police), Thornton (the Mayor of Magnolia) and

---

[1] The Court does not address this motion because it is moot.

Kelley (the City Administrator) in their individual capacities and their official capacities as his supervisors. He is also suing the City of Magnolia (acting through its City Council) as a public agency and his employer. At the time of his termination, the plaintiff was a lieutenant, a non-exempt position for purposes of the Fair Labor Standards Act ("FLSA").[2]

The plaintiff filed his first complaint on April 7, 2010, and an amended complaint on April 8, 2010. On July 17, 2010, the defendants filed their first motion to dismiss.[3] On October 4, 2010, the Court held that it would grant the defendants' first motion to dismiss if the plaintiff did not sufficiently amend his complaint within thirty days. The plaintiff filed his current complaint on November 3, 2010. The plaintiff's current complaint differs from his prior complaint only in that it contains sixty-one new paragraphs of factual allegations.

### III.   Contentions of the Parties

#### A.   The Defendants' Contentions

The defendants argue that the plaintiff has neither stated a plausible claim nor met the heightened pleading standard necessary to overcome government officials' qualified immunity with respect to the plaintiff's federal claims. The defendants further argue that the plaintiff has not stated a claim under the First Amendment to the U.S. Constitution, the FLSA or the Texas Whistleblower Act ("TWA").[4] With respect to the TWA, the defendants argue that the plaintiff has failed to state a claim against the individual defendants and that the City has not waived its immunity to federal suit. Next, the defendants argue that the plaintiff can bring no 42 U.S.C. § 1983 claim or FLSA claim after two years, and that he must have filed his TWA claim within

---

[2] 29 U.S.C. § 201, *et seq.*

[3] At that point, Kelley had not been served, so he was not a movant in the defendants' first motion to dismiss.

[4] TEXAS GOV'T CODE § 554.001 *et seq.*

ninety days of any alleged violation. The defendants request that the Court dismiss all claims and allegations against them with prejudice and tax costs against the plaintiff.

### B. The Plaintiff's Contentions

#### 1. The Plaintiff's Complaint

The plaintiff claims that the defendants retaliated against him for participating in investigations in 2004 and 2007 that resulted in the termination of various police officers, including Chief of Police Paul Rex, Chief of Police Ron Cunningham and Captain Mike Smith. He maintains that he reported his supervisors' criminal misconduct in good faith, based on objectively reasonable beliefs and as part of his sworn obligation as a Texas peace officer. He claims that he invoked the City of Magnolia and Magnolia Police Department's grievance and appeal processes, pursuant to their written policies and procedures on several occasions, including March 5, 2010.

The plaintiff alleges that the defendants retaliated against him by refusing to take action concerning his grievances. He also alleges that they ratified adverse employment actions against him that cost him more than $75,000 and have prevented him from finding paid employment as a police officer. These alleged escalating adverse employment actions included: (1) threats of termination; (2) change in job duties; (3) loss of supervisory authority; (4) removal from the day shift; (5) denial of compensation, benefits and promotion; (6) being required to work overtime without receiving overtime pay from June 13, 2006 until he was terminated; and (7) termination on January 8, 2010.

## 2. The Plaintiff's Opposition to the Defendants' 12(b)(6) Motion[5]

The plaintiff argues that the Court should deny the defendants' 12(b)(6) motion. First, he argues that the defendants are not entitled to qualified immunity because no reasonable person would assume that he could retaliate against an employee for investigating and disclosing public officials' misconduct. Second, under the First Amendment of the U.S. Constitution, the plaintiff argues that his communications were protected speech involving a matter of public concern. Third, the plaintiff argues that the defendants willfully violated the FLSA by refusing to pay him earned overtime. Fourth the plaintiff argues that the defendants' retaliatory actions violated the TWA. *See* TEX. GOV'T CODE § 554.001 *et seq.* Fifth, he also claims that the TWA contains a statutory waiver of immunity. *See* TEX. GOV'T CODE § 554.0035. He also claims that no heightened pleading standard or qualified immunity applies to his FLSA or TWA claims. Finally, the plaintiff claims that applicable statutes of limitations do not bar claims that are continuing in nature.

---

[5] The plaintiff requests that the Court take judicial notice of *Paul Rex and Tom Conklin v. City of Magnolia, et al*, Cause No. H-04-3195. When considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether he will eventually prevail. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also, Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 305 Fed. Appx. 224, 227-28 (5th Cir. 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

The *Paul Rex* case cited by the plaintiff does not further his allegations. The court in that case considered similar claims against the same local government and its employees, and that court granted the defendants' motion for summary judgment, dismissing the case with prejudice. The Court takes judicial notice of that case, but such notice does not benefit the plaintiff.

In recompense, the plaintiff is seeking: (1) reinstatement to his former position and duties, including supervisory powers and authority; (2) reinstatement of any fringe benefits or seniority rights lost due to the defendants' misconduct; (3) compensation for lost wages and any financial expenses suffered; (4) payment for all overtime worked for three years prior to filing suit, plus an equal amount as liquidated damages; (5) actual and exemplary damages, court costs and reasonable attorneys' fees under the TWA; (6) pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 2201; and (7) a preliminary/temporary injunction restraining the defendants and the Magnolia City Council from continuing with any retaliatory actions.

## IV.    Standard of Review

A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'-- 'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly* at 563 n.8 (citing *Scheuer* 416 U.S. at 236); *see also, Greninger*, 188 F.3d at 324.

**V.     Analysis and Discussion**

The Court grants the defendants' motion to dismiss in its entirety. Even after being permitted to amend his complaint multiple times, the plaintiff fails to state plausible claims against any of the defendants. *See Ashcroft* 129 S. Ct. at 1949 (quoting *Twombly* at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft* at 1949 (citing *Twombly* at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Ashcroft* at 1949 (citing *Twombly* at 556). "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Fan v. Brewer*, 2009 WL 1743824, at *2 (S.D. Tex. 2009) (quoting *Twombly* at 557).

The plaintiff's live pleading differs from his prior complaint only in that it contains sixty-one new paragraphs that do not adequately advance his claims. The original paragraphs remain unchanged, and the now-lengthier complaint still fails to meet the *Iqbal* plausibility standard. *See Ashcroft* at 1949. Most of the new paragraphs relate to alleged events or occurrences between April 17, 2007 and March 14, 2008 – more than two years prior to this lawsuit. Therefore, these events or occurrences cannot form the basis of a timely claim under 42 U.S.C. § 1983, the FLSA[6] or the TWA. Instead, the plaintiff's current complaint only highlights that he does not get along with Cunningham or Smith – neither of whom are parties to this suit. The plaintiff's elongated allegations remain fatally deficient because he has not plausibly imputed liability to the defendants, particularly in light of the defendants' presumption of immunity and the heightened pleading standard that applies to the plaintiff's First Amendment claim.

### A. First Amendment Claim

The plaintiff alleges that the defendants violated his First Amendment free speech rights by taking adverse employment actions against him in retaliation for speaking out on a matter of public concern. Specifically, he claims that the defendants retaliated against him for participating in whistleblower investigations in 2004 and 2007. To prevail on a First Amendment retaliation claim, an employee must prove: "(1) an adverse employment action; (2) speech involving a matter of public concern; (3) the employee's interest in speaking outweighs the employer's interest in efficiency; and (4) the speech must have precipitated the adverse

---

[6] Under the FLSA, the plaintiff would have three years to assert a claim if he could plausibly allege that the FLSA violation was willful, but as shown below, he has not done that. *See* 29 U.S.C. § 255(a).

employment action." *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 366 (5th Cir. 2000) (citing *Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 380 (5th Cir. 1999)).

The plaintiff has failed to state a plausible claim under the First Amendment. He claims that he engaged in protected speech in 2004 and 2007 and then suffered an adverse employment action several years later when he was terminated in 2010. In addition to falling outside of the applicable statutes of limitations, he has not pled facts that could plausibly show that he was subjected to an adverse employment action that was "precipitated" by his protected speech. *Kennedy*, 224 F.3d at 366 (citing *Teague*, 179 F.3d at 380).

"Personnel actions that are commonly considered serious enough to inflict constitutional injury are discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Serna v. City of San Antonio*, 244 F.3d 479, 483 (5th Cir. 2001) (citing *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000)). Thus, the plaintiff's claim that other officers were promoted to ranks below his own is not an adverse employment action. Promotion of other officers below the plaintiff is not an adverse action to the plaintiff.

Most of the plaintiff's other listed grievances are not adverse employment actions as a matter of law, but are rather complaints against Cunningham and Smith, who are not parties to this suit.[7] Indeed, nowhere does the plaintiff even allege that defendants Ibarra, Thornton or Kelley harbored, or would have any reason to harbor, any retaliatory motive against him for anything related to the District Attorney's investigations of Cunningham and Smith three years earlier. At bottom, the plaintiff's completely unexplained and implied link between the alleged acts of Cunningham and Smith and the present defendants is far too conclusory to avoid dismissal.

---

[7] As for Cunningham and Smith, their alleged mistreatment of the plaintiff, if it ever occurred, ended upon their removal from the City on March 5, 2008.

Additionally, even if the plaintiff's allegations against Ibarra, Thornton and Kelley were true, those defendants are protected by qualified immunity. "Public officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 2000), *cert. denied*, 531 U.S. 816 (2000) (internal citations omitted). In other words, "governmental officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal citations omitted). Qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Swint v. Chambers of County Commission*, 514 U.S. 35, 42 (1995) (internal quotation omitted).

Furthermore, "[Section] 1983 actions that raise the issue of qualified immunity necessitate heightened pleading standards." *Brown v. Tex. A&M University*, 804 F.2d 327, 333 (5th Cir. 1986). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (internal citation omitted). "Heightened pleading in qualified immunity cases requires that plaintiffs rest their complaint on more than conclusions alone and plead their case with precision and factual specificity. *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003) (citing *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Moreover, "[o]nly the direct acts or omissions of government officials . . . will give rise to individual liability under § 1983." *Alton v. Tex. A&M University*, 168 F.3d 196, 200 (internal citation omitted). Therefore, a plaintiff

must show, with allegations specific to each defendant, why immunity does not apply. *See Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007).[8]

The Court holds that the plaintiff's vague and conclusory allegations that the defendants violated his constitutional rights do not sufficiently or specifically implicate the defendants, nor do those allegations overcome the defendants' presumption of immunity. The plaintiff fails to allege that Ibarra or Kelley even knew of the plaintiff's alleged whistle blowing activities years earlier. Regardless, the plaintiff fails to allege facts that could establish that Ibarra, Thornton or Kelley bore any retaliatory motive against him because of those activities. Accordingly, the Court finds that those three defendants are entitled to qualified immunity.

As for the City, the Court dismisses the plaintiff's complaint that the City Council approved of eliminating his position based on absolute legislative immunity. *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998) ("It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities."); *see also, Hughes v. Tarrant County, Tex.*, 948 F.2d 918, 920 (5th Cir. 1991). Thus, no liability can attach to the City Council for participating in these functions. The Court finds that the plaintiff's allegations are insufficient to overcome this immunity.

**B.    The FLSA Claim**[9]

The Court grants the defendants motion to dismiss insofar as it pertains to the FLSA. "The [FLSA] of 1983 establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours

---

[8] The Court finds the plaintiff's response to this argument unpersuasive. Arguing for his ability to assert allegations against the defendants *in globo*, the plaintiff cites a case that pertains to a wholly different situation concerning the Foreign Sovereign Immunities Act, and that case predates *Meadours* by eleven years. *See Brown v. Valmet-Appleton*, 77 F.3d 860, 863 n.10 (5th Cir. 1997).

[9] The plaintiff concedes that he has not sued Ibarra, Thornton or Kelley in their individual capacities under the FLSA.

during a seven-day work week." *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 424-25 (5th Cir. 2006) (citing 29 U.S.C. § 207(a)). While the plaintiff's contentions regarding the FLSA refer to "overtime," the plaintiff's contentions revolve primarily around alleged failures to pay "shift differential pay." The FLSA has little to do with payment of shift differential pay, and overtime hours under the FLSA are measured by the week rather than by single days. 29 U.S.C. § 207(a)(1).

In the plaintiff's current pleading, he repeats verbatim his prior broad allegations that he was required to work in excess of forty hours per week to be on call, fill shifts/positions for other officers, attend meetings, prepare reports, and maintain files and records. Again, nowhere does he specifically allege that he actually did work more than forty hours in a work week, that he reported more than forty hours to the City, or that the City, having such knowledge, refused to pay him overtime. The omission of these material elements of a viable FLSA claim does not present a plausible claim, but rather one that would merely be possible. *See Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 440-41 (5th Cir. 2005). "[I]f the 'employee fails to notify the employer . . . the employer's failure to pay for the overtime hours is not a violation of § 207.'" *Harvill*, 433 F.3d at 441 (citing *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). Having filed several complaints, the plaintiff has still not pled a plausible FLSA claim, and the Court grants the defendants' motion for dismissal on this issue.[10]

---

[10] Even if the plaintiff had a viable claim, he could not sue for wages dating back nearly four years to June 13, 2006. The FLSA, at most, permits recovery for three years only where a claimant has adequately pled and proven a willful violation of the act. 29 U.S.C. § 255(a). Under no circumstances does it permit recovery beyond that period of time. Moreover, if a plaintiff fails to assert specific allegations to support a finding of a willful violation, the plaintiff's claim is limited to two years. *Id.* Even assuming, *arguendo*, that the "continuing violation" theory from the Title VII context applied to the claims asserted here, "[d]iscrete discriminatory acts are not actionable if time barred," even when they are related to acts that are the subject of timely complaints." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

### C. The TWA Claim

The Court grants the defendants' motion to dismiss with respect to the plaintiff's TWA allegations. The TWA prevents a government employer from taking an adverse employment action against an employee who, in good faith, reports his employer's violation of the law to an appropriate law enforcement agency. *See* TEX. GOV'T CODE § 554.002. Under the TWA, "[t]he elements of a whistleblower claim are (1) that the plaintiff was a public employee, (2) that the defendant was a state agency or local government, (3) that the plaintiff reported in good faith a violation of the law (4) to an appropriate law enforcement agency, and (5) that the plaintiff's report was the but-for cause of the defendant's suspending, firing, or otherwise discriminating against the plaintiff at the time the defendant took that action." *Moore v. City of Wylie*, 319 S.W.3d 778, 783-84 (Tex. App. – El Paso, 2010) (citing *Guillaume v. City of Greenville*, 247 S.W.3d 457, 461 (Tex. App. – Dallas, 2008, no pet.).

The Court's analysis of the plaintiff's TWA allegations is similar to the Court's analysis of the plaintiff's First Amendment allegations in Section **V.(A.)**, *supra*. The plaintiff asserts his TWA claims only in the most conclusory terms. He fails to plead facts that could establish that any of the defendants were motivated to retaliate against him for his alleged whistle blowing activities. Accordingly, the plaintiff has failed to state a plausible claim against any of the defendants under the TWA.

Further, Ibarra, Thornton and Kelley cannot be sued under the TWA as a matter of law. "The [TWA] does not create a cause of action against employees of a public agency." *Rodriguez v. Laredo Indep. Sch. Dist.*, 82 F. Supp. 2d 679, 688 (S.D. Tex. 2000) (internal citation omitted). "Instead, the statute creates a cause of action against state local or governmental agencies."

*Rodriguez*, 82 F. Supp. 2d at 688 (citing TEX. GOV. CODE § 554.004); *see also, Thompson v. City of Arlington, Tex.*, 838 F. Supp. 1137, 1153 (N.D. Tex. 1993).

Lastly, the plaintiff's whistleblower complaint against the City – the only otherwise viable defendant – must be brought in state court. While the TWA affirmatively waives governmental immunity that otherwise completely precludes a suit against the City for claims brought in state court, the statute does not create a cause of action that can be brought in any other forum, including a federal court. *Hoskins v. Kaufman Indep. Sch. Dist.,* 2003 WL 22329028, at *1 (N.D. Tex. 2003) (citing *Martinez v. Tex. Dept. of Criminal Justice*, 300 F.3d 567, 575-76 (5th Cir. 2002)).

States and their governmental entities still retain their immunity from suit in federal courts when legislation only waives state sovereignty or governmental immunity. *Martinez*, 300 F.3d at 575. "A State's consent to being sued in federal court must 'be unequivocally expressed.'" *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). The TWA expressly states sovereign immunity is waived only to the extent that liability for the relief allowed under the chapter is provided. *See* TEX. GOV'T CODE ANN. § 554.0035. Therefore, a TWA claimant should bring his claims in the "district court of the county in which the cause of action arises or in a district court in Travis County." *See id.* § 554.007. Because the TWA does not waive the City's immunity for the plaintiff's claim in federal court, the plaintiff fails to state a claim against the City too. *See Martinez*, 300 F.3d at 576.[11]

---

[11] Furthermore, a plaintiff must file suit within ninety days of an alleged TWA violation. *See* TEX. GOV'T CODE ANN. § 554.005; *Tex. S. Univ. v. Carter*, 84 S.W.3d 787, 792 (Tex. App. – Houston [1st Dist.] 2002, no pet.).

## VI. Conclusion

Based on the foregoing discussion, the Court grants the defendants' motion to dismiss in its entirety.[12]

It is so **ORDERED**.

SIGNED at Houston, Texas this 10th day of February, 2011.

Kenneth M. Hoyt
United States District Judge

---

[12] Because the Court grants the defendants' motion to dismiss as to all of the plaintiff's allegations, the Court need not further address the parties' arguments concerning applicable statutes of limitations.